**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **JOHN JOWERS III** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:26-cv-126** |
| | § | |
| **NICHOLAS GRANT and** | § | |
| **ANTONIO GUZMAN,** | § | |
| | § | |
| ***Defendants*.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW, Plaintiff John Jowers III, complaining of Defendant Nicholas Grant and Defendant Antonio Guzman, and for causes of action will respectfully show unto the Court as follows:

> "[A] constitutional violation occurs when an officer tases, strikes, or violently tackles an arrestee who is not actively resisting arrest."

*Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 731 (5th Cir. 2018).

## SUMMARY

On April 12, 2025, Nicholas Grant and Antonio Guzman, employees of the Randall County Sheriff's Office, were dispatched to Route 66 Motor Speedway to meet with John Jowers III. Mr. Jowers reported that his ex-wife and her boyfriend were violating a custody agreement that prohibited the boyfriend from being around Mr. Jowers' children due to alleged abuse. Although Mr. Jowers had called for police assistance and provided Grant and Guzman with the custody agreement which identified himself, he was still asked to provide identification. Mr. Jowers' identity was already known to the Randall County Sheriff's Department as he had previously worked in the department training officers on use of force policies. In addition, Mr. Jowers provided the officers with his name and identified himself as the one who called for assistance.

Grant told Mr. Jowers to leave the speedway. As Mr. Jowers walked away, he called Grant a "hoe" for failing to check on his children despite the reported custody agreement violation. Mr. Jowers placed his hands behind his back upon Grant informing him he was under arrest. Grant suddenly grabbed Mr. Jowers, swept his leg, and slammed him to the ground. Once Jowers was on the ground, both Guzman and Grant placed their knees and full body weight on Mr. Jowers.

Grant and Guzman's use of force was unnecessary and excessive since Mr. Jowers was not posing a danger or threat to any person, as Mr. Jowers never raised his voice nor made any verbal threats and he was not holding a weapon. Moreover, Mr. Jowers was not actively resisting or evading arrest, as prior to the use of force he had placed his hands behind his back and was stationary when he was informed that he was under arrest. Due to the excessive use of force committed against him Mr. Jowers suffered severe injuries including head hematoma, fractured ribs, and abrasions to his arm, shoulder, and head. Due to continued rib pain, Mr. Jowers had to have surgery to place a plate in his rib.

Mr. Jowers was falsely arrested for disorderly conduct due to allegedly using "vulgar language in a public place that would greatly offend 3rd parties and immediately breach the peace'; however, at no point did he say "fighting words" as is required by the Texas Penal Code. Mr. Jowers now files this lawsuit against Defendant Grant and Defendant Guzman for violation of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from excessive force and false arrest.

**I.**
**PARTIES**

1. Plaintiff John Jowers III is an individual residing in Randall County, Texas.

2. At all times relevant to this lawsuit, Defendant Antonio Guzman was a deputy employed by the Randall County Sheriff's Office and can be served at his place of employment the Randall County Sheriff's Office located at 9100 S. Georgia St. Amarillo, TX, 79118, or wherever he can be found. Defendant Guzman is being sued in his individual capacity.

3. At all times relevant to this lawsuit, Defendant Nicholas Grant was a sergeant employed by the Randall County Sheriff's Office and can be served at his place of employment the Randall County Sheriff's Office located at 9100 S. Georgia St. Amarillo, TX, 79118, or wherever he can be found. Defendant Grant is being sued in his individual capacity.

**II.**
**JURISDICTION AND VENUE**

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

5. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because the cause of action accrued in the Northern District of Texas.

## III.
## FACTS AND ALLEGATIONS

6. On April 12, 2025, Nicholas Grant and Antonio Guzman, employees of the Randall County Sheriff's Office, were dispatched to Route 66 Motor Speedway to meet with John Jowers III.

7. Mr. Jowers reported that his ex-wife and her boyfriend were violating a custody agreement that prohibited the boyfriend from being around Mr. Jowers' children due to alleged abuse.

8. Although Mr. Jowers had called for police assistance and provided Grant and Guzman with the custody agreement which identified himself, he was still asked to provide identification.

9. Further, Mr. Jowers' identity was known to Randall County Sheriff's Department as he had previously worked in the department training officers on use of force.

10. Grant told Mr. Jowers to leave the speedway.

11. As Mr. Jowers walked away, he called Grant a "hoe" for failing to check on his children despite the reported custody agreement violation.

12. Grant informed Mr. Jowers that he was under arrest.

13. Mr. Jowers placed his hands behind his back.

14. Grant suddenly grabbed Mr. Jowers, swept his leg, and slammed him to the ground.

15. Mr. Jowers painfully landed on asphalt.

16. Grant's use of force was unnecessary and excessive since Mr. Jowers was not posing a danger or threat to any person, as Mr. Jowers never raised his voice nor made any verbal threats and he was not holding a weapon.

17. Moreover, Mr. Jowers was not actively resisting or evading arrest, as prior to Grant's use of force he had placed his hands behind his back and was stationary when he was informed that he was under arrest.

18. Once Jowers was on the ground, both Defendant Guzman and Grant placed their knees and full body weight on Mr. Jowers.

19. Guzman and Grant's use of force was unnecessary and excessive since Mr. Jowers was not posing a danger or threat to any person, as Mr. Jowers never raised his voice nor made any verbal threats and he was not holding a weapon.

20. Moreover, Mr. Jowers was not actively resisting or evading arrest, as he was on the ground defenseless with hands visible.

21. Due to the excessive use of force committed against him, Mr. Jowers suffered severe injuries including head hematoma, fractured ribs, and abrasions to his arm, shoulder, and head.

22. Due to continued rib pain, Mr. Jowers had to have surgery to place a plate in his rib.

23. Additionally, Mr. Jowers was falsely arrested for disorderly conduct due to allegedly using "vulgar language in a public place that would greatly offend 3rd parties and immediately breach the peace."

24. In *Brooks*, the Fifth Circuit found an officer lacked probable cause to arrest an individual for disorderly conduct when the person called police to his home and became upset and cursed at the responding officer when the officer said he could not press charges for harassing phone calls. *Brooks v. City of West Point, Mississippi*, 639 F. App'x 986, 989 (5th Cir. 2016).

25. The individual did not make any threatening, combative, or overt gestures towards the officer, but “solely because of the words he used,” which were not “fighting words,” the officer told him he would be arrested for disorderly conduct. *Brooks*, 639 F. App’x 989.

26. The officers did not have probable cause that a crime had been committed as the only information they had was that Mr. Jowers was the individual who placed the 911 call to report an alleged violation of a custody agreement.

27. The officers did not even have reasonable suspicion that a crime had been committed as the only information they had was that Mr. Jowers was the individual who placed the 911 call to report an alleged violation of a custody agreement.

28. These injuries were directly and proximately caused by Defendant Grant leg sweeping Mr. Jowers and slamming him on the ground as well as both Defendant Guzman and Grant placing their knees and full body weight on Mr. Jowers and falsely arresting him.

29. These injuries were not caused by any other means.

30. At all times Defendant Grant and Defendant Guzman were acting under the color of law as they were on duty, in full uniform, and utilizing their patrol vehicles.

## IV.
## CAUSES OF ACTION

### Count One

### Excessive Use of Force
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Grant and Defendant Guzman

31. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

32. Acting under the color of law, Defendant Grant and Defendant Guzman deprived Mr. Jowers of the rights and privileges secured to him by the Fourth Amendment to the United

States Constitution by way of the Fourteenth Amendment to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of force.

33. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983.

34. The amount of force used by Defendant Grant and Defendant Guzman against Mr. Jowers as described above, specifically but not limited to, when Defendant Grant grabbed Mr. Jowers, swept his leg, and slammed him to the ground and both Guzman and Grant placed their knees and full body weight on Mr. Jowers.

35. Grant and Guzman's use of force was unnecessary and excessive since Mr. Jowers was not actively resisting arrest, not evading arrest, and not threatening anyone; thus, both Defendants' use of force was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, and suffering upon Mr. Jowers.

36. A seizure is unreasonable if it results in (a) an injury, (b) that resulted directly and only from a use of force that was clearly excessive, and (c) the excessiveness was clearly unreasonable.

37. "[A] constitutional violation occurs when an officer tases, strikes, or violently slams an arrestee who is not actively resisting arrest." *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 731 (5th Cir. 2018) (emphasis added).

38. Here at the time Defendant Grant grabbed Mr. Jowers, swept his leg, and slammed him to the ground and both Defendant Grant and Guzman placed their knees and full body weight on Mr. Jowers, Mr. Jowers was not suspected of committing any crime as the only information Defendants had at the time was that Mr. Jowers was the individual who placed the 911 call to report an alleged violation of a custody agreement.

39. The speed with which an officer resorts to force, *Trammell v. Fruge*, 868 F.3d 332, 342 (5th Cir. 2017), and the failure of the officer "to use physical skill, negotiation, or even commands" before applying such force, *Newman v. Guedry*, 703 F.3d 757, 762 (5th Cir. 2012), weigh in favor of finding that the use of force was excessive to the need. *Pena v. City of Rio Grande City, Texas*, 816 F. App'x 966, 973 (5th Cir. 2020)).

40. In *Trammell*, the Fifth Circuit found that "given that <u>only three seconds elapsed</u> between Officer Fruge's initial request that Trammel place his hands behind his back and when Officers Fruge, Garza, and Neveu tackled Trammel, we find that a reasonable jury could infer that the officers used very little, if any, negotiation before resorting to physical violence, and that the officers' conduct did not constitute the required "measured and ascending" actions calibrated to Trammel's conduct." *Trammell*, 868 F.3d at 342. Emphasis added.

41. Defendant Grant grabbed Mr. Jowers, swept his leg, and slammed him to the ground, and both Defendant Grant and Defendant Guzman Grant placed their knees and full body weight on Mr. Jowers.

42. Just as in *Trammell*, where the Fifth Circuit found that a jury could determine that using force <u>after only three seconds</u> was unreasonable, a jury could find that Defendant Grant suddenly grabbing Mr. Jowers, sweeping his leg, and slamming him to the ground and both Grant and Guzman placing their knees and full body weight on Mr. Jowers was unreasonable and an excessive use of force). *Trammell*, 868 F.3d at 342.

43. At no point prior to Defendant Grant grabbing Mr. Jowers, sweeping his leg, and slamming him to the ground, and both Defendant Grant and Guzman placing their knees and full body weight on Mr. Jowers was Jowers suspected of committing a crime.

44. Assuming *arguendo* that a trier of fact finds Mr. Jowers committed the offense of disorderly conduct, the offense is punishable as a Class C misdemeanor.

45. At no point prior to Defendant Grant grabbing Mr. Jowers, sweeping his leg, and slamming him to the ground, and both Defendant Grant and Guzman placing their knees and full body weight on Mr. Jowers, did Mr. Jowers threaten any person as he never made any threatening statements indicating he would use a weapon, he never made any threatening gestures or postures toward anyone, and never raised his voice.

46. At no point prior to Defendant Grant grabbing Mr. Jowers, sweeping his leg, and slamming him to the ground, and both Defendant Grant and Guzman placing their knees and full body weight on Mr. Jowers, did Mr. Jowers evade arrest as Mr. Jowers was at first stationary with his hands behind his back when he was slammed on the ground and then not attempting to hit or strike officers after he was slammed on the ground.

47. At no point prior to Defendant Grant grabbing Mr. Jowers, sweeping his leg, and slamming him to the ground, and both Defendant Grant and Guzman placing their knees and full body weight on Mr. Jowers Mr. Jowers actively resist arrest as he was in a complaint and defenseless position first stationary with his hands behind his back when he was slammed on the ground and then not attempting to hit or strike officers after he was slammed on the ground.

48. A reasonable officer would know that the use of force is <u>clearly excessive</u> when engaging with citizens such as Mr. Jowers who was not threatening any officer or other person, was not suspected of a criminal offense, was not attempting to flee, was not actively resisting arrest, and who the use of force was not warranted.

49. A reasonable officer would know that the use of force is <u>clearly unreasonable</u> when engaging with citizens such as Mr. Jowers who was not threatening any officer or other person,

was not suspected of a criminal offense, was not attempting to flee, was not actively resisting arrest, and who the use of force of was not warranted.

50. A reasonable officer would know that the use of force is objectively unreasonable when Mr. Jowers was not suspected of a crime, was not attempting to flee, was not actively resisting arrest, and was not posing a threat.

51. As a direct result of the force used against him by Defendant Grant and Defendant Guzman, Mr. Jowers suffered physical injury, pain, and mental anguish, outlined in this lawsuit, for which he sues herein.

52. These injuries were directly and proximately caused by Defendant Grant and Defendant Guzman's excessive use of force against Plaintiff and were not caused by any other means.

53. At all times relevant to this lawsuit, Defendant Grant and Defendant Guzman were acting under color of law as they were on duty, in full uniform, and utilizing their patrol vehicles.

**Count Two**
**Unlawful Arrest**
**Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983**
**Against Defendant Grant and Defendant Guzman**

54. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully incorporated herein.

55. No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. *Terry v. Ohio*, 392 U.S. 1, 9 (1968).

56. A false arrest claim under 42 U.S.C. § 1983 requires a showing of (1) willful detention, (2) without consent, (3) without authority of law, and (4) the deprivation of a constitutional right.

57. There is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause.

58. There can be no doubt that the right not to be arrested absent probable cause was clearly established at the time of Mr. Jowers arrest. *Alexander v. City of Round Rock*, 854 F.3d 298, 306–07 (5th Cir. 2017).

59. To determine the presence or absence of probable cause, the totality of the circumstances surrounding the arrest must be considered.

60. Mr. Jowers was arrested for disorderly conduct; due to allegedly using "vulgar language in a public place that would greatly offend 3rd parties and immediately breach the peace."

61. However, under Texas law, merely cursing at a police officer is generally not punishable as disorderly conduct because such language must constitute "fighting words" that tend to incite an immediate breach of the peace, and courts have held that profanity alone, without more, typically does not meet this constitutional standard. See Tex. Penal Code Ann. § 42.01(a)(1).

62. In *Gooding*, the Supreme Court reaffirmed that "the constitutional guarantees of freedom of speech forbid the States to punish the use of words or language not within 'narrowly limited classes of speech.' " *Gooding v. Wilson*, 405 U.S. 518, 521–22, 92 S. Ct. 1103, 1106, 31 L. Ed. 2d 408 (1972)(citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942)); *see also Lewis v. City of New Orleans*, 415 U.S. 130, 134, 94 S. Ct. 970, 973, 39 L. Ed. 2d 214 (1974); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 785 (Tex. App. 1996), writ denied (Mar. 21, 1997)(citing Op. Tex. Att'y Gen. JM–900 (1988)).

63. In *Brooks*, the Fifth Circuit found an officer lacked probable cause to arrest an individual for disorderly conduct when the person called police to his home and became upset and cursed at the responding officer when the officer said he could not press charges for harassing phone calls. *Brooks v. City of West Point, Mississippi*, 639 F. App'x 986, 989 (5th Cir. 2016).

64. The individual did not make any threatening, combative, or overt gestures towards the officer, but "solely because of the words he used," which were not "fighting words," the officer told him he would be arrested for disorderly conduct. *Brooks*, 639 F. App'x 989.

65. Taken together, these authorities demonstrate that Mr. Jowers's arrest for disorderly conduct lacked probable cause because the alleged conduct consisted only of profanity directed at an officer, without any threatening acts, fighting words, or behavior likely to provoke an immediate breach of peace.

66. Accordingly, Mr. Jowers's alleged speech, even if offensive, was constitutionally protected and insufficient to support his arrest under Tex. Penal Code § 42.01(a)(1).

67. Defendant Grant and Defendant Guzman intentionally arrested Mr. Jowers by restraining him in handcuffs and later confining him in the back of a police car, without a warrant, without his consent, and without any legal justification.

68. Mr. Jowers did not consent to his restraint or confinement and was conscious of both.

69. Defendant Grant and Defendant Guzman willfully arrested Plaintiff by restraining Plaintiff in handcuffs and later in a patrol vehicle.

70. Mr. Jowers did not consent to being restrained in handcuffs or to being restrained in the patrol vehicle.

71. Defendants Grant and Defendant Guzman did not have authority of law to arrest Mr. Jowers as they did not have a warrant or probable cause to arrest him, and no other exigent circumstances existed justifying his arrest.

72. Defendant Grant and Defendant Guzman deprived Plaintiff of his constitutionally protected right to be free from unreasonable seizures under the Fourth Amendment by unlawfully arresting him despite lacking probable that any crime had been committed as the officers did not have probable cause that a crime had been committed as the only information they had was Mr. Jowers was the individual who placed the 911 call to report an alleged violation of a custody agreement.

73. By knowingly and intentionally arresting Mr. Jowers without consent, without probable cause, and without legal justification, Defendant Grant and Defendant Guzman deprived Mr. Jowers of his Fourth Amendment right to be free from unreasonable seizures.

74. As a result of the illegal arrest, Mr. Jowers suffered injuries.

75. As a result of the illegal arrest, Defendant Grant and Defendant Guzman deprived Mr. Jowers of his civil, constitutional, and statutory rights and are liable to him pursuant to 42 U.S.C. § 1983.

76. Mr. Jowers was damaged as a result of Defendant Grant and Defendant Guzman's wrongful acts as his liberty was deprived and he suffered emotional distress and mental anguish.

## V.
## PUNITIVE DAMAGES

77. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

78. When viewed objectively from the standpoint of Defendant Grant and Defendant Guzman at the time of the occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

79. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendant Grant and Defendant Guzman which was recklessly or callously indifferent to Plaintiff's constitutionally protected rights, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES

80. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

81. Plaintiff's injuries were a foreseeable event.

82. Plaintiff's injuries were directly and proximately caused by the use of excessive force and false arrest committed against Plaintiff.

83. As a result, Plaintiff is entitled to recover all actual damages allowed by law. Plaintiff contends Defendant Grant and Defendant Guzman's conduct constitutes malice, evil intent, or reckless or callous indifference to his federally protected rights. Thus, Plaintiff is entitled to punitive damages against Defendant Grant and Defendant Guzman.

84. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

a. Emotional distress, torment, and mental anguish;
b. Permanent physical disfigurement;
c. Physical injuries; and
d. Pain and suffering.

85. Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and hereby requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

86. If Mr. Jowers prevails in this action, by settlement or otherwise, Mr. Jowers is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

87. Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant Grant and Defendant Guzman in an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

*/s/ Breanta Boss*
BREANTA BOSS,
Texas Bar No. 24115768

*/s/ James P. Roberts*
JAMES P. ROBERTS,
Texas Bar No. 24105721

*/s/ Scott H. Palmer*
SCOTT H. PALMER,
Texas Bar No. 00797196

PALMER PERLSTEIN
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214.987.4100
Facsimile: 214.922.9900
james@palmerperlstein.com

breanta@palmerperlstein.com
scott@palmerperlstein.com

**COUNSEL FOR PLAINTIFF**