UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN JOWERS III,          §
         §
    Plaintiff,          §
         §
v.          §     Civil Action No. 2:26-cv-00126-Z
         §
NICHOLAS GRANT and          §
ANTONIO GUZMAN,          §
         §
    Defendants.          §

## DEFENDANTS NICHOLAS GRANT'S AND ANTONIO GUZMAN'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendant Nicholas Grant in his individual capacity as a Randall County Sheriff's Office sergeant and Defendant Antonio Guzman in his individual capacity as a Randall County Sheriff's Office deputy ("Defendants") answering Plaintiff's Original Complaint filed by John Jowers III ("Plaintiff") and respectfully show the Court as follows:

1. Defendants are not required to admit or deny Plaintiff's statements in the first unnumbered paragraph; provided, however, Defendants deny that they committed any wrongful act and specifically deny that either Defendant tased, struck, violently tackled, or used any unconstitutional force against Plaintiff or otherwise violated Plaintiff's constitutional rights.

2. Defendants admit that on April 12, 2025, Nicholas Grant and Antonio Guzman were employed by the Randall County Sheriff's Office and were dispatched to the Route 66 Motor Speedway, as alleged by the second unnumbered paragraph. Defendants deny the remaining allegations in the second unnumbered paragraph.

3. Defendants deny the allegations in the third unnumbered paragraph.

4.      Defendants deny the allegations in the fourth unnumbered paragraph.

5.      Defendants deny the allegations in the fifth unnumbered paragraph.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

7.      With regard to Paragraph 2, Defendants admit Defendant Antonio Guzman is a natural born person who was employed as a deputy with the Randall County Sheriff's Office at all relevant times and acknowledge that he is being sued in his individual capacity.

8.      With regard to Paragraph 3, Defendants admit Defendant Nicholas Grant is a natural born person who was employed as a sergeant with the Randall County Sheriff's Office at all relevant times and acknowledge that he is being sued in his individual capacity.

9.      Defendants admit that this Court has subject matter jurisdiction, as alleged in Paragraph 4, but they maintain that they have qualified immunity from suit.

10.      Defendants admit venue is proper, as alleged in Paragraph 5.

11.      Defendants deny they were dispatched to meet with John Jowers III and admit the remaining allegations contained in Paragraph 6.

12.      Defendants admit that a person later identified as Jowers reported an alleged violation of a custody arrangement; Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

13.      Defendants admit they asked Plaintiff for identification and deny that Plaintiff provided any document to established Plaintiff's identity to the Defendants as alleged in Paragraph 8.

14.      Defendants deny that Plaintiff's identity was known to them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

15.     Defendants deny the allegations contained in Paragraph 10.

16.     Defendants deny the allegations contained in Paragraph 11.

17.     Defendants admit the allegation contained in Paragraph 12.

18.     Defendants deny the allegation contained in Paragraph 13.

19.     Defendants admit that Defendants took control of Plaintiff and maneuvered him to the ground; Defendants deny the remaining allegations contained in Paragraph 14.

20.     Defendants deny the ground was asphalt; Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's pain, and deny the remaining allegations contained in Paragraph 15.

21.     Defendants deny the allegations contained in Paragraph 16.

22.     Defendants deny the allegations contained in Paragraph 17.

23.     Defendants deny the allegations contained in Paragraph 18.

24.     Defendants deny the allegations contained in Paragraph 19.

25.     Defendants deny the allegations contained in Paragraph 20.

26.     Defendants deny that any excessive force was committed; Defendants are without knowledge or information sufficient to form a belief as to  the truth of the remaining allegations contained in Paragraph 21.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

28.     Defendants deny the allegations contained in Paragraph 23.

29.     Defendants are not required to admit or deny the allegations contained in Paragraph 24.

30.     Defendants are not required to admit or deny the allegations contained in Paragraph 25.

31.     Defendants deny the allegations contained in Paragraph 26.

32.     Defendants deny the allegations contained in Paragraph 27.

33.     Defendants deny the allegations contained in Paragraph 28.

34.     Defendants deny the allegations contained in Paragraph 29.

35.     With regard to Paragraph 30, Defendants admit that at all times relevant to Plaintiff's claims they were acting under color of law and within the scope of their employment as Texas law enforcement officers.

36.     Defendants are not required to admit or deny the allegations contained in Paragraph 31.

37.     Defendants deny the allegations in Paragraph 32.

38.     Defendants are not required to admit or deny the allegations contained in Paragraph 33.

39.     Defendants deny the allegations in Paragraph 34.

40.     Defendants deny the allegations in Paragraph 35.

41.     Paragraph 36 states a legal standard to which no response is required; to the extent a response is required, Defendants deny that the standard supports any claim against them.

42.     Paragraph 37 quotes from case law, to which no response is required.

43.     Defendants deny the allegations in Paragraph 38.

44.     Paragraph 39 quotes from case law, to which no response is required.

45.     Paragraph 40 quotes from case law, to which no response is required.

46.     Defendants deny the allegations in Paragraph 41.

47.     Defendants deny the allegations in Paragraph 42.

48.     Defendants deny the allegations in Paragraph 43.

49.     Defendants admit that the offense of disorderly conduct under Texas law is a Class

C misdemeanor; the remainder states a legal conclusion to which no response is required. Defendants deny the remaining allegations contained in Paragraph 44.

50. Defendants deny the allegations in Paragraph 45.

51. Defendants deny the allegations in Paragraph 46.

52. Defendants deny the allegations in Paragraph 47.

53. Defendants deny the allegations in Paragraph 48.

54. Defendants deny the allegations in Paragraph 49.

55. Defendants deny the allegations in Paragraph 50.

56. Defendants deny the allegations in Paragraph 51.

57. Defendants deny the allegations in Paragraph 52.

58. Defendants admit the allegations in Paragraph 53.

59. Defendants are not required to admit or deny the allegations contained in Paragraph 54.

60. Paragraph 55 quotes case law to which no response is required.

61. Paragraph 56 states a legal standard to which no response is required.

62. Paragraph 57 states a legal standard to which no response is required.

63. Paragraph 58 states legal conclusions and quotes case law to which no response is required.

64. Paragraph 59 states a legal standard to which no response is required.

65. With regard to Paragraph 60, Defendants admit that Plaintiff was arrested for disorderly conduct; Defendants deny any characterization inconsistent with the arrest records and offense report, which speak for themselves.

66. Paragraph 61 states legal conclusions and characterizes statutory authority to which no response is required; the cited statute speaks for itself. To the extent a response is required,

Defendants deny that the authority supports Plaintiff's claims and deny that Plaintiff's conduct consisted merely of cursing.

67.     Paragraph 62 quotes case law to which no response is required.

68.     Paragraph 63 characterizes case law to which no response is required; the cited opinion speaks for itself. To the extent a response is required, Defendants deny that the cited authority is applicable to or supports Plaintiff's claims.

69.     Paragraph 64 characterizes case law to which no response is required.

70.     Defendants deny the allegations in Paragraph 65.

71.     Paragraph 66 states legal conclusions to which no response is required; to the extent a response is required, Defendants deny Plaintiff's allegation.

72.     With regard to Paragraph 67, Defendants admit that Plaintiff was placed in handcuffs and arrested; Defendants deny that the arrest was unlawful.

73.     With regard to Paragraph 68, Defendants admit that Plaintiff was conscious; Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations.

74.     With regard to Paragraph 69, Defendants admit that Plaintiff was restrained in handcuffs and later placed in a patrol vehicle.

75.     With regard to Paragraph 70, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations.

76.     Defendants deny the allegations in Paragraph 71.

77.     Defendants deny the allegations in Paragraph 72.

78.     Defendants deny the allegations in Paragraph 73.

79.     Defendants deny the allegations in Paragraph 74.

80.     Defendants deny the allegations in Paragraph 75.

81.    Defendants deny the allegations in Paragraph 76.

82.    Defendants are not required to admit or deny the allegations contained in Paragraph 77.

83.    Defendants deny the allegations in Paragraph 78.

84.    Defendants deny the allegations in Paragraph 79.

85.    Defendants are not required to admit or deny the allegations contained in Paragraph 80.

86.    Defendants deny the allegations in Paragraph 81.

87.    Defendants deny the allegations in Paragraph 82.

88.    Defendants deny the allegations in Paragraph 83.

89.    Defendants deny the allegations in Paragraph 84.

90.    Defendants deny the allegations in Paragraph 85.

91.    Defendants deny the allegations in Paragraph 86.

92.    Defendants acknowledge that Plaintiff has requested a jury trial in Paragraph 87.

93.    Defendants deny that Plaintiff is entitled to any relief as alleged in Plaintiff's Prayer.

94.    To the extent that any allegation is not expressly admitted by a Defendant, it is hereby specifically denied.

## **AFFIRMATIVE DEFENSES**

95.    Defendant Grant asserts that his qualified immunity has not been waived.

96.    Defendant Guzman asserts that his qualified immunity has not been waived.

97.    Defendant Grant asserts that he is a government official whose position involves the exercise of discretion, and his acts were objectively reasonable in light of clearly established law.

98.     Defendant Guzman asserts that he is a government official whose position involves the exercise of discretion, and his acts were objectively reasonable in light of clearly established law.

99.     Defendants deny that they violated Plaintiff's constitutional rights.

100.    Defendants assert the defense of good faith.

101.    Defendants assert that they cannot be liable to Plaintiff because the incident at issue is an isolated incident.

102.    Defendants assert they cannot be liable to Plaintiff because they were not deliberately indifferent to Plaintiff's constitutional rights.

103.    Defendants assert that they cannot be liable to Plaintiff because they were not the moving force behind any alleged violation of Plaintiff's constitutional rights.

104.    Defendants do not admit that Plaintiff is entitled to any damages. However, Defendants assert that if Plaintiff is entitled to any damages, Plaintiff failed to mitigate those damages.

105.    Defendants do not admit that Plaintiff is entitled to any damages. However, if Plaintiff is entitled to any damages, those damages are the result of a pre-existing condition.

106.    Defendants assert that Plaintiff's injuries, if any, were caused in whole or in part by his own conduct.

107.    Defendants assert the defense of probable cause.

108.    Defendants assert the defense of justification.

109.    Defendants assert the defense of intervening causation.

110.    The use of force against Plaintiff was reasonable under the circumstances.

111.    Any injuries or damages claimed by Plaintiff were caused by Plaintiff's criminal, intentional, unlawful, or negligent conduct.

112.    Defendants would further show that any claims by Plaintiff for punitive and/or exemplary damages and an award of punitive and/or exemplary damages would violate the United States and/or Texas Constitution for the following reasons:

a.    equal protection guarantees would be violated;

b.    the proscription on ex post facto and retroactive laws would be violated;

c.    due process would be violated;

d.    due process requires such damages to be proven beyond a reasonable doubt or, in the alternative, by clear and convincing evidence.

113.    Defendants reserve the right to assert affirmative defenses which might be raised by the facts of this case.

114.    Defendants would show that, if there was any use of force against Plaintiff, such use of force was privileged use of force.

115.    Defendants would state that Plaintiff's amount of recovery, if any, is barred or limited by the theories of comparative responsibility, contributory and comparative negligence, contribution, and/or failure to mitigate.

116.    Defendants assert the provisions of the Texas Code of Criminal Procedure and the Texas Penal Code as a defense.

117.    Defendants assert the defenses contained in Chapter 41 of the Texas Civil Practice and Remedies Code relating to the recovery of exemplary damages, including, but not limited to, the clear and convincing evidence standard.

118.    Defendants assert the defense of the Due Process Clause of the Constitutions of Texas and the United States, and the defenses to unreasonable exemplary damages set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

119.    Without waiving the foregoing, but in addition thereto, Defendants plead and rely

upon § 41.0105 of the Texas Civil Practice and Remedies Code.  Accordingly, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred.

120.    Without waiving the foregoing, but in addition thereto, Defendants plead and rely upon Chapter 304 of the Texas Finance Code.  Accordingly, interest may not be awarded on any award of future damages.

121.    Any injuries or damages claimed by Plaintiff were de minimis.

## DENIALS

122.    Defendants deny that Plaintiff is entitled to any punitive or exemplary damages.

123.    Defendants deny that Plaintiff is entitled to any relief as requested.

## ATTORNEY'S FEES

124.    Defendants expect to be the prevailing party with regard to Plaintiff's claims under 42 U.S.C. § 1983. Accordingly, Defendants seek recovery of reasonable attorneys' fees and costs in connection with Plaintiff's claims in this suit.  *See* 42 U.S.C. § 1988(b). Additionally, Plaintiff's claims are frivolous, and Defendants are entitled to their attorney's fees.

## PRAYER

Based on the foregoing, all allegations for affirmative relief in Plaintiff's Original Complaint are fundamentally defective, and Plaintiff is not entitled to any of the relief requested against Defendants in this Court under any theory asserted.  Accordingly, Defendants pray for entry of a judgment that Plaintiff takes nothing against Defendants, that Defendants recover their attorneys' fees and costs of Court, and for such other and further relief as may be just and proper.

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
Andrew R. Evans, SBN 00796519
andrew.evans@sprouselaw.com
Blair Saylor Oscarsson, SBN 24056073
blair.oscarsson@sprouselaw.com
Evan A. Johnson, SBN 24134463
evan.johnson@sprouselaw.com
701 S. Taylor, Suite 500
P. O. Box 15008
Amarillo, Texas 79105-5008
Tel: (806) 468-3300 / Fax: (806) 373-3454

/s/ *Andrew R. Evans*
Andrew R. Evans

**ATTORNEYS FOR DEFENDANTS SERGEANT NICHOLAS GRANT AND DEPUTY ANTONIO GUZMAN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2026, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**<u>Counsel for Plaintiff</u>**
Breanta Boss
James P. Roberts
Scott H. Palmer
PALMER PERLSTEIN
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
james@palmerperlstein.com
breanta@palmerperlstein.com
scott@palmerperlstein.com

/s/ *Andrew R. Evans*
Andrew R. Evans